# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                       Case No. 12-20111-01-JWL

**Souvanh Sylasa,**

    **Defendant.**

## MEMORANDUM & ORDER

Defendant Souvanh Sylasa pled guilty to possession with intent to distribute 5 grams or more of methamphetamine (Count 1) and using, carrying, and possessing firearms during and in relation to a drug trafficking crime (Count 2). The defendant's plea was based on a negotiation between the defendant and the government, entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Consistent with that agreement, Mr. Sylasa was sentenced to 60 months imprisonment on Count 1 and a consecutive sentence of 60 months imprisonment on Count 2. This matter is presently before the court on Mr. Sylasa's motion for a sentence reduction in which he asks the court for a downward departure because his alien status renders him ineligible to serve a portion of his sentence in minimum security incarceration and community confinement and therefore subjects him to a harsher sentence than that received by similarly situated citizens. As will be explained, the motion is dismissed for lack of jurisdiction.

Although Mr. Sylasa has framed his motion as a "motion for sentencing adjustment," a federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth

three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2). Mr. Sylasa has not shown that any of these exceptions apply here. The statute relied upon by Mr. Sylasa, 18 U.S.C. § 3624(c), does not authorize a sentencing court to modify a sentence in the manner requested by Mr. Sylasa. That statute codifies the Second Chance Act, which provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community." While Mr. Sylasa contends that his status as a "deportable alien" renders him ineligible for the benefits of § 3624(c), that statute does not confer jurisdiction on the court to modify his sentence in any way.

In sum, because Mr. Sylasa has not shown a basis for the court's jurisdiction, the court must dismiss his motion.[1]

---

[1] The court notes that the Tenth Circuit has held that the collateral consequences of a defendant's deportation status do not provide grounds for a downward departure of a defendant's sentence. *See United States v. Mendoza–Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993); *see also United States v. Tamayo*, 162 Fed. Appx. 813, 814 (10th Cir. 2006) (unpublished) (holding that the "collateral consequences" of being subject to deportation, such as being ineligible to serve the sentence in a minimum security prison or spend a portion of it in a halfway house, do not warrant a downward departure).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Sylasa's motion for sentencing adjustment (doc. 41) is dismissed.

**IT IS SO ORDERED.**

Dated this __13th__ day of April, 2020, at Kansas City, Kansas.

                                                   *s/ John W. Lungstrum*
                                                  John W. Lungstrum
                                                  United States District Judge